S. Armaghanul ASAR, Rifat Asar, Petitioners,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–4514–ag.

United States Court of Appeals, Second Circuit.

Nov. 21, 2007.

Marshall A. Mintz, Mintz & Oppenheim, LLP, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Alison Igoe, Douglas E. Ginsburg, Senior Litigation Counsel, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioners S. Armaghanul Asar ("Asar") and his wife Rifat Asar, citizens of Paki-stan, seek review of an August 29, 2002 order of the BIA affirming the February 24, 1999 decision of Immigration Judge ("IJ") Sandy K. Hom denying Asar's applications for asylum and withholding of removal. *In re S. Armaghanul Asar,* No. A73 173 481, (B.I.A. Aug. 29, 2002), *aff'g* No. A73 173 481 (Immig. Ct. N.Y. City Feb. 24, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the reasoning and decision of the IJ directly, treating it as the final agency determination. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dept. of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007)

Without making a credibility finding, the IJ found that Asar did not meet his burden for showing past persecution because his testimony was insufficiently detailed and he did not offer readily available corroboration. The IJ's analysis was flawed in both respects. First, a petitioner's testimony may not be found insufficient to carry his burden if he testifies to each element of a persecution claim. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). If credited, Asar's testimony supplies all of the essential elements of a past persecution claim because he testified that he was arrested after speaking at a political rally, held for eighteen days, interrogated, and beaten with sticks, and that a few months later he was again arrested, held

for a week, beaten, and tortured. *See Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006) (holding that even "a minor beating ... may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground") (internal quotation marks omitted). Moreover, we have stated that unlike an Article III judge, an IJ has an "obligation to establish the record," *Qun Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002), by, *inter alia,* "interrogat[ing], examin[ing], and cross-examin[ing] the alien." 8 U.S.C. § 1229a (b)(1). The IJ in this case, who did not sufficiently probe Asar for details, did not fulfill that obligation here.

The IJ also erred by finding insufficiency on the basis of a lack of corroboration without making an explicit credibility finding. *See Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000) (holding that IJ should first determine whether petitioner's testimony was credible based on factors including consistency, plausibility, and corroboration, and then, provided the testimony was credible, determine whether additional corroboration was required). If, on remand, the IJ should determine that corroboration is required, he should give Asar an opportunity to remedy the perceived evidentiary gap. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006).

These two central errors require us to vacate the IJ's insufficiency finding on past persecution.[1] Because the IJ's finding on past persecution must be vacated, we must also vacate the finding that Asar failed to demonstrate a well-founded fear of future persecution. The IJ's finding that Asar failed to demonstrate past persecution required him to place the burden of proof of demonstrating a well-founded fear of future persecution on Asar. *See* 8 C.F.R. § 1208.13(a), (b)(2). However, if, on remand, the IJ finds that Asar sufficiently established past persecution, a presumption of a well-founded fear of future persecution will arise and the government will be required to rebut that presumption. *See* 8 C.F.R. § 1208.13(b)(1).

We caution the IJ that he must take into account not just the portions of the State Department profile supporting his conclusion, but also the portions supporting Asar's claims as well as the other country conditions materials that support Asar's claims. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). For example, the IJ found that "the MQM had won and secured substantial political presence in the 1997 elections in the Sindh Province." The IJ cited the Bureau of Democracy, Human Rights and Labor's July 1997 "Profile of Asylum Claims and Country Conditions" for Pakistan. While the IJ's statement is corroborated by the report, the report also states that "MQM members have sometimes been the victims of human rights abuses, including the killing of MQM workers, committed by other po-

---

1. The government argues that Asar failed to meaningfully challenge the IJ's past persecution finding, including the lack of corroboration finding, in his brief to the BIA and that he has therefore failed to exhaust his administrative remedies with respect to such a challenge. However, in his brief to the BIA, Asar explicitly challenged the IJ's "rul[ing] that the respondent has failed to demonstrate sufficient proof of either past persecution or a well-founded [f]ear of persecution." He then quoted the IJ's determination that the past persecution claim failed because Asar's "pres-

entation" was "somewhat general and lacking in specificity." His BIA brief also set forth the relevant testimony that established past persecution. Moreover, the brief argued "[i]n some cases the only available evidence of the alien's subjective fears may be his/her own testimony and that can suffice where the testimony is believable, consistent and sufficiently detailed to provide a plausible and coherent account of the basis for his fears." Accordingly, we find that the brief contained sufficient argument to preserve the past persecution finding for our review.

litical party militants," that "the security forces have from time to time resorted to mass arrests of MQM leaders and activists," and that "police and rangers carried out extensive search and arrest operations in predominantly [M]ohajir neighborhoods.... Several hundred MQM(A) activists remain in detention." The IJ erred in placing "excessive reliance" on one part of the report while ignoring these other statements in the report. *Tian–Yong Chen,* 359 F.3d at 130.[2]

Further, we are dubious as to the IJ's conclusion that Asar's nine-month delay[3] in pursuing an asylum application affects the subjective element of his well-founded fear claim. *See Pavlova v. INS,* 441 F.3d 82, 89 n. 5 (2d Cir.2006) ("In light of strong attachments to their home countries, refugees may venture abroad in a state of uncertainty about the permanence of their departure, hoping that the persecution will abate so that they can return home.").[4]

For the foregoing reasons, the petition for review is GRANTED; the decision of the BIA is VACATED; and the case is REMANDED to the BIA for further proceedings consistent with this opinion.

2. The government argues that Asar did not raise this argument before the BIA. However, in his BIA brief, Asar, in addition to generally attacking the IJ's well-founded fear finding, argued that "the [IJ] unfairly and against the weight of the evidence ignored and gave improper weight to evidence which supported the applicant's burden of proof and made improper conclusions of law and fact with respect thereto." Asar further argued, "[t]he objective reasonableness of his fear can be based upon what has happened to others similarly situated as reported in current State Department Country Reports on Human Rights Practices or other reliable sources." Accordingly, we find that Asar has exhausted this issue.

3. The attorney representing the government at the hearing calculated the time to be "seven months and 29 days."

4. The government also argues that Asar did not exhaust this argument before the BIA. However, the record belies this assertion. In his brief to the BIA, Asar specifically argued: "The [IJ] consistently ignored the testimony of the respondent that he did not come to America with the intention of applying for political asylum, but only to wait until things got better.... [F]or an alien with every intention of returning to his come country, such a time limit cannot be arbitrarily imposed."